IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OMAHA PUBLIC POWER DISTRICT, a public corporation and political subdivision of the State of Nebraska,<br><br>Plaintiff,<br><br>v.<br><br>MP NEXLEVEL, LLC, a Minnesota Limited Liability Company,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>USIC LOCATING SERVICES, LLC, an Indiana Limited Liability Company,<br><br>Third-Party Defendant. | CASE NO: 8:20-cv-00536<br><br><br><br><br><br>**CONFIDENTIALITY AGREEMENT** |

THIS MATTER is before the Court on the parties' Joint Motion for Entry of Confidentiality Agreement. (Filing No. 23.) The motion is granted.

WHEREAS, Plaintiff Omaha Public Power District (hereinafter "Plaintiff") seeks discovery of confidential, proprietary and trade secret documents and information from MP Nexlevel, LLC (hereinafter Defendant and Third-Party Plaintiff") regarding certain products, methods, processes and procedures ("Confidential Information"); and

WHEREAS, Defendant and Third-Party Plaintiff requires protection against the unrestricted disclosure and use of such Confidential Information, the Parties hereby agree that:

1.      This Confidentiality Agreement ("Agreement") shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Defendant and Third-Party Plaintiff or any other party or third-party.

2. A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony.

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s). Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Defendant and Third-Party Plaintiff, whether for the purposes of this litigation or otherwise.

5. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Agreement; and (b) agree to all provisions of this Agreement.

6. All depositions, pleadings and reports in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and

shall be subject to this Order. Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court order protection of the specific portion of the pleading containing the Confidential Information.

7. Upon final termination of this litigation, each person subject to this Agreement shall return all Confidential Information to counsel for Defendant and Third-Party Plaintiff within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8. The disclosure of any Confidential Information by Defendant and Third-Party Plaintiff shall not serve to waive any of the protections provided by this Agreement with respect to any other Confidential Information.

9. Any party may challenge the assertion of a "Confidential" designation of a particular document by filing a motion with the court in which this litigation is pending, and by making a showing that the document does not contain proprietary information and is not otherwise entitled to protection under the terms of this Agreement and applicable law. Such motion shall be filed under seal. During the period of time in which the confidentiality of a document is being challenged, such document shall be deemed Confidential.

10. No person who has received Confidential Information shall seek to vacate or otherwise modify this Order at any time.

11. Nothing in this Agreement shall restrict Defendant and Third-Party Plaintiff's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure or to seek a protective order preventing disclosure or limiting the discovery of Confidential Information, or to seek a protective order preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Agreement.

12. The parties state that there will be no prejudice to any party in the execution of this Agreement, as this Agreement is jointly approved for submission to the Court.

IT IS SO ORDERED.

Dated this 27th day of April, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge